UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23865-CIV-ALTONAGA/Damian

**RDY STORE INC.**,

    Plaintiff,
v.

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY CO.**; *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Defendants, Westchester Surplus Lines Insurance Co. ("Westchester Surplus") and Illinois Union Insurance Co.'s ("Illinois Union['s]") Motion to Dismiss [ECF No. 15], filed on November 16, 2023. Plaintiff, RDY Store Inc., filed a Response [ECF No. 29]; to which Defendants filed a Reply [ECF No. 36]. The Court has considered the record, the parties' written submissions, and applicable law.

### I.  BACKGROUND

This case arises from a dispute over whether Defendants have a duty to defend Plaintiff in a separate civil lawsuit. (*See generally* Compl. [ECF No. 1]).[1] Plaintiff is a Florida corporation operating a 7-Eleven store in Florida. (*See id.* ¶ 1). Defendants are insurance companies that each issued Plaintiff a policy of insurance. Defendant Westchester Surplus issued Plaintiff a policy covering general liability (the "General Liability Policy"). (*See id.* ¶ 8; *id.*, Ex. 1, General Liability Policy [ECF No. 1-1]). Defendant Illinois Union issued Plaintiff a policy covering liquor-related liability (the "Liquor Liability Policy"). (*See* Compl. ¶ 20; *id.*, Ex. 4, Liquor Liability Policy [ECF

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

No. 1-4]). Both policies covered, in certain circumstances, the costs of defense against civil suits by third parties. (*See* Compl. ¶¶ 8–9, 20–21).

On March 9, 2022, Alfredo Cardenas was injured at Plaintiff's store after "an employee and/or agent of [Plaintiff] . . . physically struck Mr. Cardenas numerous times, causing severe injury and resulting damages[.]" (Compl. ¶ 12 (alterations added; citation omitted)). Subsequently, on March 21, 2023, Cardenas filed suit against Plaintiff, alleging negligence in hiring, training, and retaining the employee who struck him. (*See id.* ¶ 11; Compl., Ex. 2, Cardenas Compl. [ECF No. 1-2]).

Plaintiff sought to have Defendants defend it against the Cardenas suit, but Defendants declined. (*See* Compl. ¶¶ 13–14, 26, 28). Westchester Surplus declined to cover Plaintiff under the General Liability Policy because it determined from the Cardenas Complaint, an arrest affidavit, and witness statements that Cardenas was injured as the result of an assault or battery. (*See* Compl., Ex. 3, Westchester Surplus Denial Letter [ECF No. 1-3] 2). Illinois Union also declined to cover Plaintiff. (*See* Compl. ¶ 28).[2]

On October 10, 2023, Plaintiff filed a Complaint stating two claims for declaratory relief. (*See id.* ¶¶ 8–31). In Count I, Plaintiff seeks declaratory relief against Westchester Surplus (*see id.* ¶¶ 8–19); in Count II, it seeks declaratory relief against Illinois Union (*see id.* ¶¶ 20–31). In both Counts, Plaintiff seeks a declaration that it is entitled to coverage and that Defendants must defend it against Cardenas's suit. (*See id.* 3–5). Defendants seek dismissal of Plaintiff's claims.

## II. LEGAL STANDARDS

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a

---

[2] Plaintiff alleges Illinois Union denied coverage under a non-existent assault and battery exclusion but does not attach a copy of Illinois Union's denial letter. (*See* Compl. ¶¶ 28–30 (citing Westchester Surplus Denial Letter)).

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

A controversy is proper for resolution under the Declaratory Judgment Act, 28 U.S.C. § 2201, when it is "definite, concrete, real, substantial, and not hypothetical." *Wilshire Ins. Co. v. Crestview Towers Condo. Ass'n, Inc.*, No. 21-cv-23214, 2023 WL 5352777, at *3 (S.D. Fla. June 27, 2023) (citations omitted); *see also Md. Cas. Co. v. Smartcop, Inc.*, No. 11-cv-10100, 2012 WL 2675476, at *2 (S.D. Fla. July 6, 2012) (explaining that "Section 2201 is a grant of jurisdiction only as to those rights and liabilities that are immediate and real, or that are certain to arise[,]" and that plaintiffs "must satisfy the case and controversy requirement of Article III" (alteration added; citation omitted)).[3] Thus, in an insurance dispute, "the facts alleged . . . [must] show that there is

---

[3] In its Complaint, Plaintiff does not specify whether it seeks relief under the federal Declaratory Judgment Act or the Florida Declaratory Judgment Act, Fla. Stat. § 86.011 *et seq*. Because Plaintiff has invoked the Court's diversity jurisdiction (*see* Compl. ¶ 5), the federal Declaratory Judgment Act applies, *see Rozier v. Hartford Ins. Co. of the Midwest*, No. 14-20547-Civ, 2014 WL 6751639, at *3–4 (S.D. Fla. Dec. 1, 2014) (collecting cases and determining that, when a federal court is sitting in diversity, even a claim brought under the Florida Declaratory Judgment Act, "which is a procedural statute," should be construed as a federal claim). In any event, "the elements required under the federal or state declaratory judgment acts are not materially different[.]" *Id.* at *4 (alteration added; citation and quotation marks omitted).

a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Id.* (alterations added; citation omitted). Further, "[a] party seeking a declaration [] must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future." *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 (S.D. Fla. 2008) (alterations added).

### III. DISCUSSION

To survive Defendant's Motion, Plaintiff need only "state a cause of action for declaratory relief." *Md. Cas. Co.*, 2012 WL 2675476, at *3. At this stage, "ultimate resolution" of the merits is not before the Court. *Id.* (citation omitted). Unfortunately, the entirety of the parties' briefing on the Motion goes to the merits of whether Defendants must defend Plaintiff against Cardenas's suit. (*See generally* Mot.; Resp.; Reply). The parties focus on whether the Court can consider information not included in the Cardenas Complaint (*see, e.g.*, Resp. 3–5; Reply 5), and whether the General Liability Policy and Liquor Liability Policy can be interpreted to cover the facts raised here (*see, e.g.*, Mot. 13–16; Resp. 5; Reply 3). These arguments are premature. *See Md. Cas. Co.*, 2012 WL 2675476, at *3 (explaining that "the determination of insurance coverage is more appropriate for the summary judgment stage" (citation and footnote call number omitted)).

Nonetheless, the Court is satisfied that Plaintiff has adequately pleaded "a bona fide dispute[.]" *Id.* at *2 (alteration added). Indeed, "[w]hether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief[.]" *Colony Ins. Co. v. Nicholson*, No. 10-60042-Civ, 2010 WL 2844802, at *3 (S.D. Fla. July 19, 2010) (alterations added; citations and quotation marks omitted). In this case, Plaintiff alleges Defendants have a duty to defend it against Cardenas's suit. (*See generally* Compl.). It disputes Defendants' contrary

interpretation of the relevant insurance policies (*see, e.g.*, *id.* ¶¶ 29–31); and their interpretation of the relevant law and facts (*see, e.g.*, *id.* ¶¶ 18–19).

Plaintiff has also adequately pleaded a substantial likelihood of injury. *See Nirvana Condo. Ass'n*, 589 F. Supp. 2d at 1343. Cardenas's suit against Plaintiff is underway. (*See* Compl. ¶ 11; *see generally* Cardenas Compl.). Plaintiff will soon begin, if it has not already, paying defense costs — an injury the Court could redress if it determines Defendants have a duty to defend. *Cf. Creative Hosp. Ventures, Inc. v. U.S. Liab. Ins. Co.*, No. 08-22302-Civ, 2011 WL 13173588, at *3 (S.D. Fla. Mar. 23, 2011) (noting that "bearing the cost of [one's] own defense" is "an injury in fact that is concrete and actual[,]" and that such an injury "would be redressed by a favorable decision . . . declaring that [insurance] coverage exists" (alterations added)).

Because Plaintiff has adequately pleaded a bona fide dispute and a substantial likelihood of injury, the Motion is due to be denied, and the parties' remaining arguments are not reached. *Cf. Wilshire Ins. Co.*, 2023 WL 5352777, at *5 (noting the existence of factual disputes and "declin[ing] Defendants' invitation to interpret [an] insurance contract at the motion to dismiss stage" (alterations added)); *Md. Cas. Co.*, 2012 WL 2675476, at *3 (same).

### IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss **[ECF No. 15]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 19th day of January, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record