UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DISTRICT

CASE NO.: 1:23-cv-23865-CMA

RDY STORE INC. dba 7-ELEVEN
35022B,

    Plaintiff,

vs.

WESTCHESTER SURPLUS LINES
INSURANCE CO. and ILLINOIS UNION
INSURANCE CO.,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester") and ILLINOIS UNION INSURANCE COMPANY ("Illinois Union") (collectively, "Defendants"), by and through undersigned counsel, file their Answer and Affirmative Defenses to the Complaint for Declaratory Relief ("Complaint for Declaratory Relief") [ECF No. 1] brought by Plaintiff RDY STORE INC dba 7-ELEVEN 35022B ("RDY"), and further state as follows:

### PARTIES

1.     Upon information and belief, admitted.

2.     Admitted.

3.     Admitted.

4.     Denied as phrased.

### JURISDICTION AND VENUE

5.     Admitted for jurisdictional purposes only.

6.     Admitted for jurisdictional purposes only.

7. Admitted only that venue in the instant federal court is appropriate; all other averments not expressly admitted are denied and strict proof is demanded thereof.

**COUNT I – DECLARATORY RELIEF AGAINST WESTCHESTER SURPLUS**

8. Admitted only that Westchester issued Commercial General Liability Policy No. FSF15801736 002 to RDY Store Inc. DBA 7-Eleven 35022B, for the policy period of July 22, 2021 to July 22, 2022 (the "Commercial General Liability Policy") subject to the policy's terms, conditions, limitations, exclusions and endorsements. Defendants direct the Court to the Commercial General Liability Policy for a full review of each of its provisions. All other averments not specifically admitted are denied.

9. Denied as phrased. Defendants direct the Court to the Commercial General Liability Policy for a full review of each of its provisions.

10. Denied as phrased. Defendants direct the Court to the Commercial General Liability Policy for a full review of each of its provisions.

11. Admitted only that Exhibit "B" the ("Underlying Lawsuit") [ECF No. 1-2] to the Complaint for Declaratory Relief speaks for itself. All other averments not specifically admitted are denied.

12. Admitted only that Exhibit "B" the ("Underlying Lawsuit") [ECF No. 1-2] to the Complaint for Declaratory Relief speaks for itself. All other averments not specifically admitted are denied.

13. Denied as phrased.

14. Admitted only that Exhibit "C" to the Complaint for Declaratory Relief [ECF No. 1-3] speaks for itself. All other averments not specifically admitted are denied.

15. Denied.

16. Denied.

17. Admitted only that Exhibit "C" to the Complaint for Declaratory Relief [ECF No. 1-3] speaks for itself. All other averments not specifically admitted are denied.

18. Denied.

19. Denied.

To the extent the WHEREFORE clause contains any allegation to which a response is required, Defendants deny all such allegations made in the WHEREFORE clause.

### COUNT II – DECLARATORY RELIEF AGAINST ILLINOIS UNION

20. Admitted only that Illinois Union issued Commercial Liquor Liability Policy No. LQRFLF158020174 002 to RDY Store Inc. DBA 7-Eleven 35022B, for the policy period of July 22, 2021 to July 22, 2022 (the "Commercial Liquor Liability Policy") subject to the policy's terms, conditions, limitations, exclusions and endorsements. Defendants direct the Court to the Commercial Liquor Liability Policy for a full review of each of its provisions. All other averments not specifically admitted are denied.

21. Denied as phrased. Defendants direct the Court to the Commercial Liquor Liability Policy for a full review of each of its provisions.

22. Denied as phrased. Defendants direct the Court to the Commercial Liquor Liability Policy for a full review of each of its provisions.

23. Denied as phrased. Defendants direct the Court to the Commercial Liquor Liability Policy for Declaratory Relief for a full review of each of its provisions.

24. Admitted only that Exhibit "B" the ("Underlying Lawsuit") [ECF No. 1-2] to the Complaint for Declaratory Relief speaks for itself. All other averments not specifically admitted are denied.

25. Without knowledge; therefore, denied. All other averments not expressly admitted are denied and strict proof is demanded thereof.

26. Denied as phrased.

27. Denied as phrased.

28. Denied.

29. Denied.

30. Denied as phrased. Defendants direct the Court to the Commercial Liquor Liability Policy for a full review of each of its provisions.

31. Denied as phrased. Defendants direct the Court to the Commercial Liquor Liability Policy for a full review of each of its provisions.

To the extent the WHEREFORE clause contains any allegation to which a response is required, Defendants deny all such allegations made in the WHEREFORE clause.

## AFFIRMATIVE DEEFNSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint for Declaratory Relief fails to state a claim upon which relief may be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

This action is governed and limited by the terms of the Westchester Commercial General Liability Policy and the terms of the Illinois Union Commercial Liquor Liability Policy.

## THIRD AFFIRMATIVE DEFENSE

To the extent the allegations in the Complaint for Declaratory Relief are not properly developed, there is no coverage under the Westchester Commercial General Liability Policy based on the insuring agreement, exclusions, conditions, definitions, declarations, and endorsements, all of which are asserted as an additional affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the allegations in the Complaint for Declaratory Relief are not properly developed, there is no coverage under the Illinois Union Commercial Liquor Liability Policy

based on the insuring agreement, exclusions, conditions, definitions, declarations, and endorsements, all of which are asserted as an additional affirmative defense.

### FIFTH AFFIRMATIVE DEFENSE

There is no coverage for the allegations asserted in the Underlying Lawsuit under the Westchester Commercial General Liability Policy pursuant to the Amendment of Expected Or Intended Injury Exclusion (Total Assault & Battery Exclusion).

### SIXTH AFFIRMATIVE DEFENSE

There is no coverage for the Underlying Lawsuit as there are no allegations therein that trigger the insuring agreement of the Illinois Union Commercial Liquor Liability Policy. Specifically, there are no allegations in the Underlying Lawsuit asserting any liability of RDY by reason of the selling, serving or furnishing of any alcoholic beverage. Further, there are also no allegations in the Underlying Lawsuit that Cardenas' alleged injury(ies) are a direct result of the selling, serving or furnishing of any alcoholic beverage as the insured premises.

### SEVENTH AFFIRMATIVE DEFENSE

RDY has failed to identify or plead any basis for supplemental relief.

### EIGHTH AFFIRMATIVE DEFENSE

RDY is not entitled to attorneys' fees in this action as there is no statutory or contractual basis for the recovery of same.

### NINTH AFFIRMATIVE DEFENSE

RDY's claims for attorneys' fees must fail as Sections 626.9373 and 627.428, Fla. Stat. have been abrogated by the passage for Florida's tort reform as of March 24, 2023.

Defendants reserve their right to supplement, amend, or add affirmative defenses as may be proper based on the pleadings filed and discovery taken in this action.

**PRAYER FOR RELIEF**

WHEREFORE, having fully responded to the Complaint and having stated their affirmative defenses, Defendants pray that a judgment be entered against RDY:

1. Denying all relief requested by RDY and dismissing those claims against Defendants in their entirety, with prejudice;

2. Declaring Defendants have no obligation to provide coverage for RDY for the legal defense of the Underlying Lawsuit; have no obligation to pay RDY and/or reimburse RDY for any fees, expenses, or costs allegedly incurred in connection with this lawsuit or the claims asserted in this lawsuit; and that Defendants have no other duties, obligations, or liability to RDY or any other party or non-party in connection with this matter;

3. Declaring that to the extent Defendants have any obligation to RDY or to any other party or non-party, such duty is limited by and subject to the terms, conditions, limitations, exclusions, definitions, warranties, and provisions contained in or incorporated into the applicable policies; and

4. Awarding Defendants reasonable costs, expenses, and attorneys' fees permitted by law and such other relief as the Court deems just and proper.

**DEFENDANTS' DEMAND FOR JURY TRIAL**

Defendants further demand a trial by jury as to all issues so triable.

DATED this 2nd day of February, 2024.

By:   */s/ Kristen D. Perkins*
KRISTEN D. PERKINS
Florida Bar No.: 611816

[*Certificate of Service follows*]

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing was filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon all parties who have registered for electronic service with this Court's e-filing portal on this 2nd day of February, 2024.

      KENNEDYS CMK, LLP
One Financial Plaza, Suite 806
100 Southeast 3rd Avenue
Fort Lauderdale, FL  33394
Tel.: (305) 371-1111

By: */s/ Kristen D. Perkins*
      KRISTEN D. PERKINS
Florida Bar No.: 611816
SAMANTHA A. SATISH
Florida Bar No.:  57075
Kristen.Perkins@KennedysLaw.com
Samantha.Satish@KennedysLaw.com
Tracy.Gowen@KennedysLaw.com

.