# EXHIBIT A



Chubb North America
P.O. Box 5122, Scranton PA 18505, USA
Phone : (302) 476-6572 Fax : (215) 640-5035
E-mail : bridget.timberman@chubb.com

**VIA CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED & EMAIL**

July 14, 2023

Mr. Haroon Khan
RDY STORE INC
Dba 7-Eleven 35022B
1099 SW 1st Ave
Miami, FL 33130

haroonkhan711@gmail.com

| RE: | Insured: | RDY Store Inc. |
| --- | --- | --- |
| | Policy No.: | FSF15801736 002 |
| | Writing Company: | Westchester Surplus Lines Insurance Company |
| | Policy Period: | 07/22/2021 – 07/22/2022 |
| | Date of Loss: | 03/12/2022 |
| | Claimant: | Alfredo Cardenas |
| | Employee: | Darryl White |
| | ESIS File No.: | 1E01E013405655 |
| | Chubb Claim No: | KY23K2433948 |

Dear Mr. Khan:

Please allow this letter to acknowledge receipt by Westchester Surplus Lines Insurance Company (hereinafter "WSLIC" or "Chubb") of the Complaint, styled *Alfredo Cardenas v. 7-Eleven Inc. and RDY Store Inc*. which was filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida under index number 169309559 ("the Complaint" ). We are directing this letter to you as the authorized representative for RDY Stores, Inc. ("RDY"). Chubb has established a claim file, designated by claim number KY23K2433948, under General Liability Policy No. FSF15801736 002 (the "Policy") issued to RDY. As set forth below, Chubb must deny coverage to RDY for the Complaint.

**THE COMPLAINT**

The Complaint alleges on March 9, 2022, Plaintiff Alfredo Cardenas was in the 7-Eleven Store located at 1099 SW 1st Ave, Miami, Florida when Darryl White, physically struck Mr. Cardenas numerous times, causing bodily injury to Mr. Cardenas that are permanent in nature. Plaintiff alleges that RDY owed, operated and/or managed the store and employed Mr. White. The Complaint alleges negligence and negligent hiring, retention and supervision against RDY.

**RELEVANT POLICY LANGUAGE**

WSLIC issued a General Liability Policy bearing policy number FSF15801736 002 to RDY Stores, Inc. dba 7 Eleven 35022B with policy effective dates from 07/22/2021 to 07/22/2022. The Policy provides liability insurance on a per occurrence basis, with liability limits in the amount of $1,000,000 per occurrence.

The Policy's insuring agreement states, in relevant part, that WSLIC "will pay all sums the insured becomes legally obligated to pay because of 'bodily injury'… to which this insurance applies" and that is "caused by an 'occurrence'". The Policy contains An Amendment of Expected or Intended Injury (Total Assault & Battery Exclusion), AWB0150 (09/15) ("Endorsement"). The Endorsement provides the following Assault or Battery Exclusion:

**Assault or Battery**

This insurance does not apply to:

"Bodily injury" or "property damage" arising out of "assault" or "battery" or any act or omission in connection with the prevention or suppression of "assault" or "battery" by:

**(1)** any insured.

**(2)** any "employee."

…

**(6)** any other person.

This exclusion applies even if negligence or other wrongdoing is alleged in the supervision, hiring, employment, training, investigation, reporting to authorities, or monitoring of others by an insured if the "occurrence" which caused the "bodily injury" or "property damage" involves "assault" or "battery" or any act or omission in connection with the prevention or suppression of "assault" or "battery" by any entity described above.

In addition, the following definitions are contained in the Endorsement: "Assault" means "any intentional or voluntary act, whether or not provoked, which places another person in reasonable apprehension of immediate harmful or offensive contact" and "Battery" means an "'assault' in which the assailant makes physical contact."

**BASIS FOR DISCLAIMER**

The allegations against RDY in the Complaint are excluded under the Assault or Battery Exclusion. Chubb therefore denies coverage.

The Assault Or Battery Exclusion bars coverage for "bodily injury" arising out of "assault" or "battery," which is alleged here. The exclusion applies even if negligence or other wrongdoing is alleged in the supervision, hiring, employment, training, or monitoring of others by an insured or any act or omission in connection with the prevention or suppression of "assault" or "battery". Therefore, exclusion bars coverage for alleged negligence in connection with the alleged physical striking of Plaintiff by Mr. White. Chubb reserves the right to deny coverage to the extent that the allegations do not constitute an "occurrence" or accident and to the extent that coverage is barred under Exclusion a, which precludes coverage for "bodily injury" that is "expected or intended from the standpoint of the insured."

Based on the above, Chubb must respectfully deny coverage for this claim. Chubb therefore will not defend and indemnify RDY for the allegations in the Complaint. RDY should obtain personal counsel, at its own expense, to protect its interests in the lawsuit.

This denial should not be interpreted as a waiver of any other defenses or rights which Chubb may have. There may be additional policy provisions that apply to this matter. This letter addresses only those provisions that appear pertinent considering the facts currently known and available to us, without accepting or implying that the allegations have any factual or legal merit. If there is any additional information that may affect Chubb's position or analysis, please forward such information.

Chubb therefore reserves all rights regarding the above referenced provisions, as well as all other rights, remedies, and defenses under the policy, at law, and in equity. These reservations include, but are not limited to, the right to amend this letter to address additional coverage issues as they may arise, based upon the policy and/or any additional facts that may come to Chubb's attention. Nothing contained in this letter, and no action on our part in investigating these matters, should be construed as an admission of coverage or as a waiver of any right, remedy, or defense that may be available to Chubb.

For your protection, state law requires that we inform you of the following: Pursuant to § 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information

concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084, Florida Statutes.

We work in a paperless environment, and should it be necessary to direct any physical documentation to my attention, please send your correspondence to: **Chubb North America Claims, Claim KY23K2433948, Attn: Bridget Timberman, P.O. Box 5106, Scranton, PA 18505 USA.** It is extremely important that your correspondence contain the claim file number displayed conspicuously on the cover page of your documentation so all papers can be scanned and attached electronically to the claim file. We trust that this letter was helpful in identifying for you the coverage issues arising from this matter. However, should you have any questions, or would like to discuss this matter further, please contact me directly at 302-476-6572 during normal business hours or by electronic mail at bridget.timberman@chubb.com

Sincerely,

*Bridget Timberman*

**Bridget Timberman**
TPA Oversight Senior Claims Specialist
Senior Claims Specialist
Chubb North America Claims, TPA Oversight

Cc:
Stephani Barral
ESIS
stephanie.barral@esis.com

Jonathan McDaniel
Focus Insurance Services
Marketing.department@teamfocusins.com