# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case #: 23-23865-CIV-ALTONAGA/Damian

RDY STORE INC.,
    *Plaintiff*
v.
WESTCHESTER SURPLUS LINES INSURANCE CO. *et al.*,
    *Defendants*
_____/

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANTS' DISCOVERY**

Plaintiff, RDY STORE INC dba 7-ELEVEN 35022B ("RDY") hereby responds to Defendants WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester") and ILLINOIS UNION INSURANCE COMPANY ("Illinois Union") (collectively, "Defendants" or "CHUBB")' discovery as follows.

**INTERROGATORIES**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

ANSWER: Haroon Khan % counsel of record, proprietor of RDY STORE INC

2. Please identify any experts retained to testify or otherwise offer opinions in this case.

ANSWER: N/A

3. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in the Complaint; and specify the subject matter about which the witness has knowledge.

ANSWER:

- ALFREDO CARDENAS, address unknown
- Guy Kamealoha Noa, 20807 Biscayne Blvd., Suite 201, Aventura, FL 33180
- 7-ELEVEN INC, R/A: Corporate Creations Network Inc. 801 US Highway 1, North Palm Beach, FL 33408
- Vivianne A. Wicker, Esquire, 100410 Overseas Highway, Suites 204 & 205, Key Largo, FL  33037
- Darryl White, last known address, 2281 NW 135 st 315, Miami, FL 33167

4. State the basis for RDY's contention that the Underlying Complaint does not allege that Cardenas' injury "resulted from a battery," as stated in paragraph 19 of the Complaint.

ANSWER:  The complaint does not allege that any action by Mr. White was intentional or voluntary.

5. Please describe the factual basis supporting your assertion that "[w]hile the [Underlying Complaint] does not mention it, the injury occurred while Cardenas purchasing liquor, in particular, Cardenas was purchasing Modelo beer[,]" as stated in paragraph 25 of the Complaint.

ANSWER:  The police report attached as exhibit A to the answer of the complaint.

6. Is it RDY's contention in this case that Darrly White did not physically strick Cardenas on the date of the Underlying Incident? If so, please describe the factual basis supporting your contention.

ANSWER:  RDY does not have personal knowledge as to what happened on that day.

7. List the names and addresses of all persons who are believed or known by you,

your agents, or your attorneys to have any knowledge concerning the Underlying Incident.

ANSWER:  See answer to Rog No. 3.

      8.      Describe in detail how the Underlying Incident happened.

ANSWER:  RDY does not have personal knowledge as to what happened on that day.

      9.      Were you or any of your employees (including but not limited to Darryl White) charged with any violation of law (including any regulations or ordinances) arising out of the Underlying Incident? If so, what was the nature of the charge; what plea or answer, if any, did you or your employee enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and if so, what is the name and address of the person who recorded the testimony?

ANSWER:  RDY was not charged with any violation. None of RDY's employees - other than Darryl White -  were charged with any violation.   RDY does not have sufficient knowledge as to charges against Darry White, other than the police report attached as Exhibit A to the answer.

      10.      Has Cardenas, Darryl White or any representative of RDY provided testimony at any trial, hearing, deposition, or other proceeding in the Underlying Lawsuit? If so, when was the testimony provided, under what circumstances was the testimony provided, was the testimony recorded, what is the name and address of the person who recorded the testimony, and do you have a copy of the recorded testimony?

ANSWER:  No

      11.      Identify which individuals RDY expects to call at the trial of this matter, and the

areas of their anticipated testimony.

ANSWER:  RDY has not yet determined what witnesses it will call at trial.

12.     Please identify all insurance policies which may indemnify RDY for the Underlying Incident regardless of whether RDY has given notice of the Underlying Incident under such policies.

ANSWER:  No other insurance policies exists.

13.     As to the insurance policies referenced in the prior interrogatory, please identify the status of any claims under those policies related to the Underlying Incident, and whether any amount has been paid by any insurer.

ANSWER: N/A

14.     Please describe all facts that support or relate to your assertion that Cardenas was "injured during the commission or attempted commission of a forcible felony, as evidenced by the police report attached hereby as Exhibit A. In particular, [Cardenas] was shoplifting alcohol, burglary as defined in § 810.02, Flat. Stat. threat of physical force, and other forcible felonies, as defined in § 776.08, Flat Stat.[,]" as stated in your first affirmative defense to the Underlying Complaint.

ANSWER:  The police report attached as exhibit A to the answer of the complaint.

15.     Please describe all facts that support or relate to your assertion that "Mr. White's actions were in part to prevent the commission of shoplifting by [Cardenas], and as such, is immune from civil liability under § 812.015, Fla. Stat and the common law shopkeeper's privilege[,]" as stated in your seventh affirmative defense to the Underlying Complaint.

ANSWER:  The police report attached as exhibit A to the answer of the complaint.

16. Please describe all facts that support or relate to your assertion that "Mr. White's actions against [Cardenas were] reasonable under the circumstances, especially given that Plaintiff is a registered sex offender, and 'touched' Mr. White on 'his cheek without his permission' prior to his injury[,]" as stated in your eight affirmative defense to the Underlying Complaint.

ANSWER: The police report attached as exhibit A to the answer of the complaint, and the sex offender status attached as Exhibit B.

17. Please describe all facts supporting or relating to your assertion that Cardenas' injuries "were sustained outside the Store, and not on property that is owned or controlled by RDY[,]" as stated in your tenth affirmative defense to the Underlying Complaint.

ANSWER: The police report attached as exhibit A to the answer of the complaint..

18. Have you viewed any surveillance footage of the Underlying Incident? If so, please describe what the footage depicts, and state the name, phone number and address of any person or entity in possession of the footage.

ANSWER: No footage exists.

**Under penalties of perjury, I declare that I have read the foregoing answers and that the facts stated in them are true and correct.**

_haroon khan_____ (signature)

haroon khan_____ (name)

07/17/24_____ (date)